# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2011

Lyle W. Cayce
Clerk

No. 10-51036
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

MOLLIN LUNDELL HILL,

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-446-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mollin Lundell Hill pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  On April 2, 2009, the district court sentenced Hill to 57 months in prison and three years of supervised release.  As his sole issue on appeal, Hill contends that there is a conflict between the district court's oral pronouncement at sentencing and the amended written judgment with regard to the issue of credit for time served.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When there is a clear conflict between the district court's oral pronouncement at sentencing and the written judgment, the oral pronouncement controls.[1] When there is merely ambiguity between the two, this Court reviews the record to ascertain the district court's intent, which determines the final sentence.[2]

In Hill's case, there is no conflict between the oral pronouncement and the amended written judgment, nor even an ambiguity. In its oral pronouncement, delivered on April 2, 2009, the district court indicated that Hill should receive credit for time served beginning October 6, 2008, the date he was taken into custody.[3] In its amended written judgment,[4] the district court indicated that Hill should receive credit for time served "from October 6, 2008 until April 2, 2009." Hill contends that the amended written judgment's "until April 2, 2009" term is inconsistent with the oral sentence. But because April 2, 2009, was the date of Hill's sentencing hearing, there is no reasonable argument that any credit for time served could extend beyond that date. Indeed, Hill makes no argument to substantiate his assertion that the alleged conflict may harm him. Thus, because the oral pronouncement and the amended written judgment agree that Hill is to receive credit for the same amount of time served, there is no ambiguity, much less a conflict.[5]

---

[1] *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000).

[2] *Id.*

[3] In fact, Hill was taken into custody on October 16, 2008. Hill does not challenge the discrepancy in the arrest date, which counts in his favor.

[4] After the district court issued its original written judgment, Hill filed a motion for clarification, requesting that the written judgment be amended to include the date on which his sentence began to run. The district court amended its written judgment at Hill's request.

[5] *Cf. United States v. Mireles*, 471 F.3d 551, 557-59 (5th Cir. 2006) (holding that differences between oral and written pronouncements were reconcilable and thus did not conflict).

No. 10-51036

In any event, as Hill recognizes in his appellate brief, the district court does not ultimately determine credit for time served.[6]  The Attorney General, through the Bureau of Prisons, does. [7] For this reason, too, Hill's request that this Court strike the "April 2, 2009" term from the amended written judgment would offer him no relief if granted.

In light of the foregoing, the judgment of the district court is AFFIRMED.

---

[6] *See United States v. Wilson*, 503 U.S. 329, 331-34 (1992).

[7] *Id.*